IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,
    Plaintiff,

vs.                                Case No.:  3:18cv2363/MCR/EMT

PATRICK ANTHONY RIBBING,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Defendant Patrick Anthony Ribbing ("Ribbing"), who is proceeding pro se, commenced this action by filing a Notice of Removal (ECF No. 1), seeking to remove two state criminal matters, State of Florida v. Patrick Anthony Ribbing, Case No. 2018-MM-005221-A, and State of Florida v. Patrick Anthony Ribbing, Case No. 2018-MM-007155-A, from the Circuit Court in and for Escambia County, Florida, to this court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 (ECF No. 1).[1]

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). Upon examination of Ribbing's notice of removal, the undersigned

---

[1] The on-line public docket of the Escambia County Clerk of Court indicates that the charges in Case No. 2018-MM-005221-A were dismissed on November 6, 2018, prior to Ribbing's filing the notice of removal.

concludes that this court lacks a proper basis for removal jurisdiction of the state court actions; therefore, the matters should be remanded to the state court from which they were removed.

Ribbing asserts that removal of his criminal cases is appropriate under 28 U.S.C. §§ 1331, 1332, and 1441 (*see* ECF No. 1 at 1). However, those statutes apply only to civil actions. *See* 28 U.S.C. §§ 1331, 1332, 1441.

Additionally, removal is not appropriate under 28 U.S.C. § 1443(1), the federal removal statute governing the removal of criminal prosecutions. That statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

A notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. *See* Johnson v. Mississippi, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (citing Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood v. Peacock, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)). First, it must affirmatively appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of racial equality." Johnson, 421 U.S. at 219 (internal quotation marks and citation omitted). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. *Id.* That a removing defendant will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of Section 1443(1). *Id.* (citation omitted).

Second, it must appear, in accordance with the provisions of Section 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." Johnson, 421 U.S. at 219. This provision normally requires that the "denial be manifest in a formal expression of state law," such as a

state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.* (citation and internal quotation omitted).  As stated by the Eleventh Circuit:

> [I]n the paradigmatic case, removal is proper where a facially <u>discriminatory</u> state law authorizes the denial of the defendant's civil rights.  In such circumstances, the federal removal court readily can predict that state courts applying the state law will disregard the defendant's civil rights.

<u>Alabama v. Thomason</u>, 687 F. App'x 874, 878 (11th Cir. 2017) (emphasis in original) (unpublished but recognized as persuasive authority).  Hence, removal may be proper where "the very act of bringing the state court proceedings will constitute a denial of the [equal civil] rights conferred by the federal statute."  *Id.* (citing <u>Alabama v. Conley</u>, 245 F.3d 1292, 1296 (11th Cir. 2001)); *see also* <u>Peacock</u>, 384 U.S. at 828 (finding that removal may be effected only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court").

      Here, Ribbing is being prosecuted in Case No. 2018-MM-007155-A for violating Florida Statute § 810.09(2)(b) (trespass on property other than a structure or conveyance where the offender defies an order to leave, personally communicated

to the offender by the owner or the premises).² Ribbing claims, "The State and all parties in accomplice with [sic], have violated the 'Legal Notice and Demand' contract (*see* pages 1–13), a 'Cease and Desist' injunction for harrassment[sic]/racial discrimination of an American Indian during Native American Heritage Month" (ECF No. 1 at 1). Ribbing asserts that the State fabricated and tampered with evidence and witnesses, and that his state prosecution violates federal criminal laws, specifically, 18 U.S.C. §§ 242, 247, 249 (*id.* at 1–2).³ Ribbing also contends his prosecution violates the double jeopardy clause of the Fifth Amendment, his Sixth Amendment right to compulsory process for obtaining witnesses in his favor, and the Eighth Amendment protections from cruel and unusual punishment and excessive bail and fines (*id.* at 1).

---

² As previously noted, this is the only case in which Ribbing is being prosecuted, as the charges in the other case were dismissed.

³ Section 242 criminalizes the conduct of "willfully subject[ing] any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, . . ." *See* 18 U.S.C. § 242.

Section 247 criminalizes the conduct of intentionally defacing or damaging any religious real property, or intentionally obstructing, by force or threat of force, any person in the enjoyment of that person's free exercise of religious beliefs; and the conduct has an interstate commerce nexus. *See* 18 U.S.C. § 247(a)–(c).

Section 249 criminalizes the conduct of causing, or attempting to cause, bodily injury to any person because of the person's race, color, religion, national origin, or other enumerated quality; and the conduct has an interstate commerce nexus. *See* 18 U.S.C. § 249(a).

Page 6 of 8

Ribbing's rights under the Fifth, Sixth, and Eighth Amendments are not specific civil rights couched in terms of racial equality, rather, they are broad constitutional guarantees of general application. Thus, Ribbing's various rights under those Amendments cannot serve as the basis for removal under Section 1443. *See* Johnson, 421 U.S. at 219 ("Claims that prosecution and conviction will violate rights under constitutional . . . provisions of general applicability . . . will not suffice."); Rachel, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); State of Miss. v. McCollum, 513 F.2d 285 (5th Cir. 1975) (constitutional right to a speedy trial cannot serve as basis for removal under 28 U.S.C. § 1443); Varney v. State of Ga., 446 F.2d 1368, 1369 (5th Cir. 1971) (defendant's claims alleging violations of Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments had nothing to do with racial equality, therefore, removal was not proper under Section 1443(1)); State of Ga. v. Spencer, 441 F.2d 397, 398 (5th Cir. 1971) (Section 1443 applies only to rights granted in terms of racial equality; claims of rights under constitutional guarantees of free speech and due process will not support removal).

Case No.:  3:18cv2363/MCR/EMT

Ribbing likewise fails to satisfy the second prong of the removal standard. As the Eleventh Circuit has explained, under the Supreme Court's interpretation of § 1443(1), it is not enough to allege that a defendant's civil rights have been corruptly denied in advance of trial, or even that the defendant is unable to obtain a fair trial in a particular state court. *See* Conley, 245 F.3d at 1297. Rather, the vindication of a defendant's federal rights is left to the state courts, unless it can be clearly predicted that the very act of bringing a defendant to trial will deny those rights. *Id.* Such a showing can be made if the civil rights act pursuant to which the defendant has filed a notice of removal immunizes the defendant from the prosecution at issue. *See id.* at 1298. In the instant case, none of the federal criminal statutes or constitutional Amendments identified by Ribbing immunize him from the state court prosecution for trespassing. Thus, Ribbing failed to show that his criminal action is removable pursuant to § 1443(1).[4]

Because there is no basis for removing Ribbing's state criminal cases to federal court, the undersigned recommends that this case be summarily remanded to the state court. *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice [of

---

[4] Section 1443(2) is equally unavailable since its provisions are available only to federal officers and those assisting such officers in the performance of their official duties. *See* Peacock, 384 U.S. at 815; Varney, 446 F.2d at 1369.

Case No.:  3:18cv2363/MCR/EMT

removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

Accordingly, it is respectfully **RECOMMENDED**:

That the removal be **DISMISSED** as improper and the clerk of court be directed to **REMAND** this case, which includes state court case numbers 2018-MM-005221-A and 2018-MM-007155-A, to the Circuit Court in and for Escambia County, Florida, and close the file.

At Pensacola, Florida, this 10th day of December 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**